Thank you, Your Honor. May it please the Court, Andy Nelson representing Mark William Hertler. The result we've requested in this case is dictated by this circuit's holding in Knight and is entirely consistent with its prior holding in Jackson. The argument simply put is this. Any and all terms of imprisonment upon revocation of supervised release should be aggregated, whether it be multiple revocations of a single count, as in Knight, or whether it be single revocations of multiple counts, as in this case. Breyer, you're the one who gave us these. I did, Your Honor. I was hoping for a big blowup, because I looked at these and I couldn't figure out what you were trying to tell us in these. So I thought you were going to walk through. I thought it would be helpful to see some of the math on paper, and I have extra copies. Yeah, I didn't print mine out this morning. I thought you were going to have a big blowup. That's what we were looking for. I don't know how to do big blowups, Judge. I think it's simpler than it looks. Okay. No, walk me through. If you want to start there, we certainly can. Well, no, no, you should you're going to get to it, though. I think my three best arguments are this. First, the plain language of 3583H says any means any and all, and that's the basis of Judge Pregerson's decision in Knight. Second is that our view of aggregating everything gives effect to the clear congressional directive in 3624E, which is to run sentences, I'm sorry, terms of supervised release, different issues, concurrently, any and all, and otherwise the statute's annullity under the government's proposed rule, I would argue. Because you basically could get 72 months of supervised annullity. And that's sort of what this charge is showing you. How does this make sense? Okay. Well, let's get to the third point. The third point is the government's proposed rule leads to anomalous and absurd results. And that's what the second page is about. And here's the essence of it, Judge. Whether the time is current or consecutive, the jail time on revocation, has no effect on the term of supervised release to follow. That's the 23 and the 26 in both the government examples there on the top, right? If you're aggregating by count. In other words, the time you actually serve on revocation is divorced from the term of supervised release to follow if you do that vertical math by count. That's what I'm trying to show you there on paper. Under aggregation of any and all, the second part of page 2, what you'll see is that the time you actually get, whether it's 13 months because the sentences are concurrent or 23 months because the sentences are consecutive, actually has a reasoned relationship to the term of supervised release that follows. It's a rule that makes more sense just on its face. I don't think you really need to get there because I think the plain language of 3583H is our best argument. And that's the basis of the decision tonight. Well, but actually, though, what was it, what was that other circuit, the Eighth Circuit, said the plain language of that statute dooms your argument. And I think they make the same mistake that the government makes here, which is they stop before that telling phrase of 3583H. They focus on some of the singular words, but they neglect that any term of imprisonment that was imposed upon revocation is supervised release. I think the Eighth Circuit falls strapped to the same analysis, falls victim to the same analysis that is totally different in this circuit. I also think the holding in Zoran is probably dicta. It looks like they advanced alternative arguments. And I think the Eighth Circuit recognizes that even their own authority that they're relying on to reach that result is, as in Knight, a multiple revocation of a single count case. So it's not really on all fours with the factual situation here. You're saying, wait, that's not what I remember from, you're talking about the Zoran case? Yeah. I thought it did involve multiple. Okay. Well, I'll have to go back. That may be my mistake. The best argument is that Zoran is just wrong because they do the same thing. They neglect that any term. And it has meaning, and it means any and all, and it has a dictionary meaning. And that's addressed at some level in the Knight decision. Yeah. I mean, I definitely came away from reading Zoran that if we were to adopt your argument, we would be creating a square circuit split with the Eighth. But, I mean, your position, I take it, is just simply that no matter how many counts you've been convicted on, sorry, there's only one term of supervised release because, by virtue of 3624. Yeah, that's essentially it. Otherwise, that statute doesn't mean anything in these hypothetical examples I've given you and in the district court's own math on page one. You have a 23 and 26 month term of supervised release to follow. Well, I mean, what seems to me to lend some force to your argument is that it happens that your client was only convicted of two counts. But often people are convicted of 20, 30 counts, especially in white collar cases. I guess if we adopted the government's argument here, basically you could be serving the rest of your life under the thumb of the district court. The reason I wanted you to see this kind of vertical math is that the anomalous results argument is something I struggled a lot with in my own mind. You know, it's kind of tricky. But whether it's concurrent or consecutive, the time you actually do should matter in terms of the supervised release to follow. 3624E is basically a nullity if the government's right in this case. I mean, it doesn't mean anything. I'll tell you, frankly, my concern in reading 3624E was that Your Honors were going to ask me, well, does offense, as used in that statute, mean multiple counts? And I think that it does, and all you have to look at for that authority is Federal Rule of Criminal Procedure 8, which talks about joinder and severance. And the language in Rule 8 makes it pretty clear that a count is an offense within the meaning of the code. So I don't think that should be a concern for the Court. Maybe we can hear from the government, and then you can. Thank you, Judge. Good morning again, Your Honors. Laurie Sook for the United States. I am coming in late to the party here because I wasn't counsel for at the time that this calculation was made, but I find this very interesting. And I do understand exactly why Judge Malloy did what he did. But let's talk about all of the concerns, because this is a fascinating issue. The Eighth Circuit was relying on statutory language as well. And certainly, I cannot dispute what Mr. Nelson says about the last part of the statute that says any term of imprisonment. It certainly could have been written differently to be more clear. But it's not an absurd result, what the Eighth Circuit has done and what Judge Malloy has done, because you can do the math, and I will address your question regarding 20 and 30 counts, but you can do the math. And it is not what Judge Pragerson talked about in Knight as the risk of an indefinite term of supervised release, because it will continue to be subtracted down until the point where you will run out of supervised release. That's not my concern. I agree with you on that. My concern is 3624E. Exactly. And the Eighth Circuit never, if I remember right, never addresses that. So I'm anxious to hear what you have to say about how these two statutes can be reconciled if your position is adopted. 3624E talks about the fact that they, after imposed, after the sentence imposed, they run concurrently. So it brings into sharp focus the point that Judge Malloy was making. If that means that supervised release terms are concurrent, there is no purpose for ever considering imposing separate terms of supervised release for each offense because it doesn't have any meaning. No, because one count could get reversed. That's why you always do that, right? Well, that is a point. But I do understand what he was saying is I am obligated to impose a term of supervised release for each count. If that has meaning, I should have the flexibility to do what I'm doing here with respect to each offense. And they'll continue to run concurrently, and you will not have an indefinite term of supervised release at the end. But in effect, and I think the judge recognized this, in effect, though, if you do it the way you're you, well, not you, but your colleague advocated, it is being run consecutively. And it could string out to be exactly 72 months. It is. And so I think that may dovetail into the concern that you raised about what if somebody comes in here with 30 counts? What are we doing? Well, in this brief, we have addressed exactly how you would police that, because every sentence, be it originally or in revocation, has to be reviewed for the reasons for it. And district courts couldn't willy-nilly apply this to an absurd result without facing reversal for not having reasons grounded in what supervised release is for, which is rehabilitation, protection of the public, what was in sharp focus for Judge Molloy with Mr. Hertler. When we look at your Hildre decision, which is not on point except that it talks about are reasons for supervised release. And why Judge Molloy? Recognizing, I know you are familiar with him, so very smart, recognizing the problem that he faced here, felt the need to do this because of who he had before him and the needs of that defendant. And that is reason enough in the view of the United States to give Judge Molloy the opportunity to review his ultimate sentence for reasonableness, and we will run out of time. We won't have Judge Pragerson's issue that he addressed in Knights. That's the best I can do, Judge Watford, because I understand the tension here. Roberts, you are right, there is tension here, but, you know, as a former, just I appreciate your point that you just made, that if you have a defendant who can't abide by the the court, on supervision problems, the district court judges should have the flexibility. And I think that's all that was of primary concern to Judge Molloy. It was. And certainly in this case, you have the type of offense that Congress has deemed most recently now that really supervision is so of utmost importance, it's now life. And the offenses here were offenses grounded in that, very, very related to that He started his term. So if there was any defendant that was giving Judge Molloy fits in terms of concern, it would have been Mr. Hurtler. And that was the reason for the decision. And if for no other reason to affirm him, I would give him the flexibility and tell him he did it right for the right reasons. Thank you. I just want to comment, Counselor? Yes, Your Honor, Judge Pragerson. I want to comment that you've done a superb job as an advocate. And that's true of the FPD as well. But it makes me feel good when I have someone like you support my decision in the right place. Because the underlying reason for all of this is, as Judge Pius has just said, we have to do what we can so that District Judge, who's an experienced, wise person, has flexibility in imposing sentences in an otherwise draconian set of rules that we've been forced to follow in the past 30 years. So thank you. Thank you, Judge Pragerson. Thank you. You have some time for rebuttal. I'll try to be brief. Let me start with Counsel's argument on 3624E. And I think this kind of goes to the other point about flexibility as well. You know, what I don't want to get lost here is that there are two components of a supervised release revocation. There's a term of imprisonment and there's the term of supervised release to follow. And those are two different things. And what we know from cases like Jackson in this circuit and the United States Supreme Court in Johnson is that even if you only have one month of supervised release left and you're revoked, you can get the statutory maximum. It's not a constitutional or statutory problem to exceed even the term, the maximum term for the offense if you keep getting revoked. That's not where I'm going on this case, but I just want to make that point. Judges do have flexibility and they have flexibility in sentencing people to jail. And I love appearing in front of Judge Molloy. I think he teed this issue up because he was actually intellectually curious about what the answer is. And you can see that in the math on page one. He originally issued a judgment that said 27 and 33. I think he went back to Chambers and thought, well, maybe Nelson's right on this one. I'm going to give him this one. And when we came back the next time, he was ready. And these numbers don't even work because I think he wanted to put the issue in stark relief for this court. So all due respect to Judge Molloy, he gets the issue. I just don't think he knows the answer. I want to talk a little bit about flexibility and I want to be very respectful and I want to tread lightly. But that's kind of a policy argument. I mean, this is what the statute says. Sorry? I mean, true, to some extent you're right, it is. But there's other language in the, was it 3583H as well? Yes, there is, Your Honor. That you can't overlook. And I don't think we are. I think our proposal to you today absolutely streamlines with this circuit's analysis in Knight. And Judge Pregerson may disagree, and he's the author of that opinion. But when you say any means any and all, I don't know how you say that means any and all, but just as to one count. And then you have this absurd result in the math. I just don't think that's what Congress intended. It's a statutory interpretation argument. It has nothing to do with policy. I mean, I know you. Yeah, we don't know what Congress intended. You know, Congress doesn't have an intent. That's a great fiction in the law. Fair enough. So why is the result of, why is this absurd? I'm just, I. Because the term you're actually getting, whether it's concurrent or consecutive, doesn't matter if the supervisor leaves to follow. And it ignores 3624 too. I mean. But why, why is that absurd? I mean, the judge is just trying to. Well, because I think that when you read 3583 H, it says you aggregate time that you've done. So the time that you have done should actually have some predictable non anomalous relation to the term of supervisor. At least you get on the other side. I think if I had to rank our three arguments here, it's third. And I presented it to you that way. I think you start with the plain language of 3583 H. The court may not agree with me on that. And then 3624 E is really important here. I don't think the government's really addressed that in the briefing. And it took us, take an opportunity to do that today. But I think this is an interesting case. I think there's a circuit split. And I think it deserves the court's attention. Yes. Very interesting. Thank you. Thank you. Matters to me. Thank you very much. Great argument. Yes.
judges: PREGERSON, PAEZ, WATFORD